**Sherrie WHITE, Plaintiff–Appellant,**

v.

**DIVINE INVESTMENTS INC.; Walter B. Richey; Carolyn D. Richey, Defendants–Appellees.**

**No. 05–17077.**

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 17, 2007.

Submitted and Filed June 5, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lynn Hubbard, III, Law Offices of Lynn J. Hubbard, IV, Chico, CA, for Plaintiff–Appellant.

John G. Bilheimer, Allan S. Haley, Haley & Bilheimer, Nevada City, CA, John Donald Montague, Montague & Viglione, Sacramento, CA, for Defendants–Appellees.

Before: THOMPSON and TALLMAN, Circuit Judges, and DUFFY *, Senior Judge.

MEMORANDUM **

Sherrie White, a quadriplegic who uses a wheelchair, appeals the district court's entry of summary judgment in favor of Walter and Carolyn Richey (the "Richeys") in her action under Title III of the Americans with Disabilities Act. We have jurisdiction under 28 U.S.C. § 1291, and

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

we affirm in part, reverse in part, and remand.

■ The first issue on appeal is whether White has standing to seek injunctive relief with respect to architectural barriers she neither encountered nor was aware of during her visit to the River Mart gas station and convenience store, but became aware of after the filing of her complaint as a result of her expert's visit to "audit" River Mart for compliance with disability access laws. Our recent decision in *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008), establishes that White does have standing with respect to such barriers. Accordingly, we reverse the grant of summary judgment in favor of the Richeys on this issue and remand to the district court for further proceedings.

■ The second issue on appeal is whether White may maintain a discrimination action under Title III of the ADA for a violation of her "full and equal enjoyment" of River Mart, irrespective of the existence of ADA Accessibility Guidelines ("ADAAG") violations. White reads 42 U.S.C. § 12182(a) as creating two separate causes of action, one for a failure to remove architectural barriers and another for a violation of the right to "full and equal enjoyment" of a public accommodation. In White's view, the latter claim turns on whether she subjectively enjoyed her visit to River Mart, and violations of state buildings codes may be probative on that issue. White is mistaken. No court has ever held that a Title III discrimination action based on the design of a public accommodation may be maintained in the absence of an ADAAG violation, nor does the text of the statute support such a reading. In Title III design cases, the ADAAG define discrimination, and absent an ADAAG violation, no discrimination has occurred.

The third issue on appeal is whether the district court properly granted summary judgment with respect to the architectural barriers White encountered during her visit to River Mart. With respect to all but one barrier, we conclude that summary judgment was proper.

■ The district court erred in granting summary judgment to the Richeys on the issue of whether River Mart's aisles comply with the ADAAG's width requirements. The district court incorrectly framed the issue as whether at least one aisle was thirty-six inches wide, when in fact the question is whether every aisle which offers goods to the public meets or exceeds that width. *See Doran*, 524 F.3d at 1047–48. White submitted a photograph which shows that at least one aisle is less than thirty-six inches. However, it is impossible to tell from the photograph whether that aisle offers goods available to the public. Viewing that photograph in the light most favorable to White, it is possible that the aisle does contain goods offered to the public. We therefore reverse the grant of summary judgment on this issue, and remand to the district court for further proceedings.

Costs shall be borne by each party to this appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**